UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TRAVIS LIKE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) No. 4:04-CV-129 (CEJ) |
| | ) |
| LARRY CRAWFORD and JEREMIAH NIXON[1], | ) |
| | ) |
| Respondents. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on petitioner's objections to the Report and Recommendation of United States Magistrate Judge Frederick R. Buckles, to whom the matter was referred pursuant to 28 U.S.C. § 636(b). On November 15, 2006, Judge Buckles issued a Report and Recommendation, recommending that the petition of Travis Like for a writ of habeas corpus under 28 U.S.C. § 2254 be denied. Petitioner filed objections to the Report and Recommendation on December 27, 2006. Pursuant to 28 U.S.C. § 636(b)(1), the Court is required to review *de novo* the portions of the report and the specified findings or recommendations to which objection is made.

On January 13, 2000, following a jury trial in the Circuit Court of the City of St. Louis, petitioner was convicted of one

---

[1] Because petitioner is now incarcerated at the Eastern Reception, Diagnostic, and Correctional Center, the director of that institution has been substituted as the proper respondent, pursuant to Rule 25(d), Fed. R. Civ. P. In his petition for habeas corpus relief, petitioner challenges sentences to be served in the future. Accordingly, Missouri Attorney General Jeremiah W. Nixon should be added as a party respondent. Rule 2(b), Rules Governing Section 2254 Cases in the United States District Court.

count first-degree murder, three counts of first-degree assault, and four counts of armed criminal action. Petitioner was sentenced to a term of life imprisonment without parole for Count I (first-degree murder), terms of life imprisonment on Counts II, IV, VI, and VIII (armed criminal action), and 15-year terms of imprisonment on Counts III, V, and VII (first-degree assault). The terms of imprisonment were ordered to run consecutively. The Missouri Court of Appeals affirmed petitioner's conviction and sentence on January 16, 2001. State v. Like, 41 S.W.3d 538 (Mo. Ct. App. 2001) (per curiam). The appeals court denied petitioner's motion for rehearing and/or a transfer to the Missouri Supreme Court on March 12, 2001. Id. The Missouri Supreme Court denied petitioner's application to transfer on April 24, 2001. Id. Petitioner filed a motion for post-conviction relief pursuant to Missouri Supreme Court Rule 29.15, and the circuit court denied petitioner's motion without an evidentiary hearing on October 3, 2002. (Resp. Exh. G). The Missouri Court of Appeals affirmed the denial of post-conviction relief on June 17, 2003. Like v. State, 108 S.W.3d 748 (Mo. Ct. App. 2003).

On February 2, 2004, petitioner filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is currently incarcerated at the Eastern Reception, Diagnostic, and Correctional Center in Bonne Terre, Missouri.[2]

---

[2] Shortly after Magistrate Judge Buckles filed the Report and Recommendations in this action, petitioner informed the Court that he had been transferred from the Jefferson City Correctional Center to the Bonne Terre facility.

Petitioner's objections consist of two assertions. First, he assert that his appointed counsel omitted claims in his *pro se* post-conviction motion from his amended post-conviction motion.[3] Petitioner claims that these omissions violated Missouri Rule of Criminal Procedure 29.15(e). Second, petitioner asserts that although he informed the motion court of the omissions, the court did not address the omitted claims. Petitioner argues that the circuit court thus failed to comply with Missouri Supreme Court Rule 29.15(j) and deprived him of due process.

The assertions that petitioner has mischaracterized as objections to the magistrate judge's report and recommendation are in fact new claims for habeas relief that were not contained in his petition. He has not made objection to any "portions of the report or specified findings or recommendations" which would trigger *de novo* review by the Court. 28 U.S.C. § 636(b)(1). Moreover, the statutory procedure for objecting to a report and recommendation is not the vehicle by which new claims for habeas relief are to be presented. The Court will not review claims that were not presented in the petition.

Accordingly,

---

[3] Petitioner does not specify which omitted claims he refers to, but the Court notes that the amended post-conviction motion filed by his attorney does not contain any of the claims which petitioner included in his *pro se* post-conviction motion. (See Resp. Exh. G).

**IT IS HEREBY ORDERED** that the Report and Recommendation of United States Magistrate Judge Frederick R. Buckles [# 13] is sustained, adopted, and incorporated herein.

**IT IS FURTHER ORDERED** that the petition of Travis Like for a writ of habeas corpus [# 1] is **denied**.

**IT IS FURTHER ORDERED** that petitioner has failed to make a substantial showing of the denial of a constitutional right and the Court will not issue a certificate of appealability. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997).

```
                              _____
                              CAROL E. JACKSON
                              UNITED STATES DISTRICT JUDGE
```

Dated this 22nd day of March, 2007.